# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1196

**ROBERT LOWRY AND LENNY WILLIAMSON**

**VERSUS**

**DRESSER, INC., ET AL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 214,764
HONORABLE BRUCE C. BENNETT, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

## WRIT GRANTED AND MADE PEREMPTORY.

**Philip Gardiner Hunter**
**Hunter & Morton**
**P. O. Box 11710**
**Alexandria, LA 71315-1710**
**Counsel for Plaintiffs-Respondents:**
    **Robert Lowry and**
    **Lenny Williamson**

**Henry Philip Julien, Jr.**
**The Kullman Firm**
**P. O. Box 60118**
**New Orleans, LA 70163**
**Counsel for Defendants-Applicants:**
    **Dresser Industries, Inc.**
    **Richard Fentem and**
    **Kurt Hensley**

**Robert Bruce Macmurdo**
**Attorney at Law**
**341 St. Charles Street**
**Baton Rouge, LA 70802**
**Counsel for Plaintiffs-Respondents:**
**Robert Lowry and**
**Lenny Willianson**

**Samuel Zurik  III**
**Robert P. Lombardi**
**The Kullman Firm**
**P. O. Box 60118**
**New Orleans, LA 70163**
**Counsel for Defendants-Applicants:**
**Dresser Industries, Inc.**
**Richard Fentem and**
**Kurt Hensley**

**Pickett, Judge.**

<u>FACTS</u>

Plaintiffs, Robert Lowry and Lenny Williamson, were terminated from their employment with Dresser, Inc. and they subsequently filed suit against Relators alleging age discrimination. Relators filed an exception of no cause of action and moved for dismissal of the individual defendants, Richard Fentem and Kurt Hensley. Following a hearing held on August 9, 2004, the trial court denied Relators' exception and motion. Relators now seek review of the trial court's ruling. Relators' writ was filed timely.

<u>DISCUSSION</u>

Relators' writ contains two assignments of error: 1) the trial court erred in denying Femtem and Hensley's exception of no cause of action because La.R. S. 51:2256 no longer states a cause of action for retaliation, and 2) in refusing to dismiss Fentem and Hensley as individual defendants because no individual liability exists under La.R.S. 51:2256. In Plaintiffs' original petition, they allege that Dresser violated Louisiana laws prohibiting age discrimination in employment and that Fentem, the chief executive officer for Dresser, along with Hensley, aided and abetted Dresser in violating La.R.S.51:2256 and 51:2231 by participating in the decision by which Plaintiffs were laid off on the basis of age. Plaintiffs maintain further that La.R.S. 51:2264 authorizes an action against a non-employer for aiding and abetting a corporate employer to engage in discriminatory acts.

Louisiana Revised Statutes 51:2256 provides:

1

It shall be an unlawful practice for a person or for two or more persons to conspire:

(1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this Chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this **Chapter**.

(2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this **Chapter**.

(3) To obstruct or prevent a person from complying with the provisions of this **Chapter** or any order issued thereunder.

(4) To resist, prevent, impede, or interfere with the commission, or any of its members or representatives, in lawful performance of duty under this **Chapter**.

(Emphasis added.)

As noted by Relators, the "chapter" to which the statute refers is known as the Louisiana Human Rights Act (LHRA) which prohibits unlawful discriminatory practices in public accommodations and advertising public accommodations (La.R.S. 51:2247), against breast feeding mothers (La.R.S. 51:2247.1), by financial institutions in providing financial services (La.R.S. 51:2254), and in credit transactions (La.R.S. 51:2255). Sections 2242 through 2245, which described and prohibited discriminatory employment practices by employers, were repealed by the legislature in 1997, and provisions relating to prohibited discrimination in employment are now found in La.R.S. 23:301 et sequitur, the Louisiana Employment Discrimination Law (LEDL). The problem encountered in the case *sub judice*, however, is that the LEDL does not contain its own retaliation provision. As a

result, plaintiffs argue that their employment discrimination claim can still be brought under LA.R.S. 51:2256.

There are no reported Louisiana cases which have construed La. 51:2256 since the 1997 amendments. There are, however, several federal cases which provide guidance. In the instant case, the trial court agreed with Plaintiffs' contention that La.R.S. 51:2256 provides a cause of action for their employment discrimination claim. In deciding same, the trial court relied on *Miller v. American General Finance Corp.,* 2002 W.L. 2022536 (E.D.La. Sept. 4, 2002). In *Miller*, the defendants argued that Miller could not state a claim against them under the LCHRA because the statute did not provide a cause of action against employees in suits alleging retaliation. The court noted that the anti-retaliation provisions remain in the LCHRA only and that La.R.S. 51:2232(12) defines an unlawful practice as "a discriminatory practice in connection with employment." The court concluded that La.R.S. 51:2256 still applies to the employment discrimination context.

Relators contend that the court's attempt in *Miller* to address the issue failed to account for the clear statement of legislative intent contained in the statutory notes or the conflict with various LEDL provisions that are created by allowing employment discrimination claims under La.R.S. 51:2256. As noted by Relators, since the *Miller* decision, district court judges in the Eastern District have repeatedly held that individuals can no longer assert claims for employment discrimination under Title 51. Thus, relators argue that *Miller* has been subsequently overruled.

The most significant of these cases is *Smith v. Parish of Washington*, 318 F. Supp.2d 366 (E.D.La. 3/26/04), wherein the court set forth a thorough summation of the Human Rights Act, including the history and legislative intent of same. The

3

court specifically addressed the issue of whether or not La.R.S. 51:2256 continues to apply to employment discrimination after the 1997 revisions. The court concluded "that as a matter of law, section 51:2256 no longer applies to unlawful employment discrimination." The court reasoned as follows:

> In the new Employment Discrimination Law, the legislature included anti-retaliation provisions in the sections addressing age and sickle-cell trait discrimination. Had the legislature intended to include parallel provisions in the other sections, they would have done so. There is no evidence to support the contention that the legislature intended section 51:2256 to apply to some sections of the new Employment Discrimination Law and not to others, simply by virtue of the fact that some sections do not contain anti-retaliation provisions. On the contrary, the fact that some sections do contain such provisions indicates that the legislature intended not to include similar provisions in the other sections. This interpretation is buttressed by the fact that the sections specifically addressing employment discrimination in the Human Rights Act were repealed. And the inclusion of definitions pertaining to employment discrimination in a statute in which substantive employment discrimination provisions were repealed does not create causes of action: it simply created confusion.

*Id.* At 373. The court stated further that "liability under La.R.S. 51:2256 is limited to retaliation against practices made unlawful under the Louisiana Human Rights Act and does not extend to provisions repealed from that Act and now incorporated into La.R.S. 23:302."

While federal case law is not controlling, we agree with the court's reasoning in *Smith* and find that La.R.S. 51:2256 no longer provides a viable cause of action for the plaintiffs. Accordingly, we find that the trial court erred in denying Relators' exception of no cause of action. Relators' remaining assigned error is moot.

## CONCLUSION

The trial court erred in denying Relators' exception of no cause of action and motion to dismiss. The 1997 amendment to the Louisiana Human Rights Act effectively repealed sections 2242 through 2245 of Title 51 which described and

4

prohibited discriminatory employment practiced by employers.  Provisions relating to prohibited discrimination in employment are now found in the Louisiana Employment Discrimination Law, La.R.S. 23:301 et sequitur.  Accordingly, La.R.S.51:2256 no longer applies to unlawful employment discrimination, and thus, plaintiffs have not set forth a valid cause of action.  The trial court's ruling is reversed and set aside and plaintiffs' action is hereby dismissed.

**WRIT GRANTED AND MADE PEREMPTORY.**